UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BILLY ROACH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:09-CV-542 PS |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

# **OPINION AND ORDER**

Billy Roach, a *pro se* prisoner, filed this habeas corpus petition challenging a prison disciplinary proceeding. A hearing officer found Roach guilty of rioting in violation of disciplinary rule A103.

On September 4, 2009, Investigator Quentin Storm prepared a conduct report stating as follows:

> On 8-22-09, at approximately 8:30 p.m. in dorm #10 (BMU) offender Billy Roach #967273 was clearly observed on video camera as actually participating in a major disturbance involving rioting. During the incident three (3) staff members are assaulted by other offender participation. Offender Roach is wearing a t-shirt and towel over his head during the disturbance and is observed walking around the dayroom area. Offender Roach is being charged with actively participating in rioting as defined in the Adult Disciplinary Code #02-04-101, specifically a 103-A. In addition the matter was turned over to the Indiana State Police for criminal investigation.

(DE 12-1.) Investigator Storm also completed a Report of Investigation stating as follows:

> On 8-22-09, at approximately 8:30 pm. in dorm #10 (Behavioral Modification Unit) several offenders engaged in rioting . . . During the incident security cameras were deliberately obscured/blocked by offenders and staff members: Sergeant R. Johnson, C/O A. Gill and C/O J. Scott were assaulted by several offenders.

1

> While security cameras #1 thru #4 located in the bed area were all simultaneously covered by offenders; in several instances those offenders involved in deliberately covering these cameras were captured on video.
>
> In addition the dormitory had been bunked since Friday night (08-01-09) due to a fight between several black offenders; therefore during the incident there was to be no offenders off of their bunks unless authorized by staff, i.e. use restroom, etc. . . .
>
> Cameras #5 and #6, located in the dayroom area, recorded several offenders engaging in rioting and is being attached to this report for review.
>
> Also included as evidence are still photos of those offenders identified as participating in this major disturbance. . . .
>
> Those offenders identified as taking an active role during the riot have been charged accordingly with 'Rioting' . . . .
>
> This matter was referred to the Indiana State Police for a full criminal investigation and involves approximately twenty-one (21) offender suspects.

(DE 12-2.)

On September 4, 2009, Roach was notified of the charges. (DE 12-3.) The screening report reflects that he pled not guilty, requested a lay advocate, and requested statements from Offender Kirby and Correctional Officers Scott and Gill, all of whom he believed would say he was not involved in the incident. (*Id.*) He also requested pictures and video. (*Id.*) A witness statement was obtained from Offender Kirby, who stated, "I was Billy Roach's bunkie and he never got off his bunk." (DE 12-4.) Officer Gill provided the following statement: "Yes offender Roach #967273 was involved. He put a stocking cap over his face. And he was off his bed and was in the day room area." (DE 12-6.) Officer Scott was not available to make a statement because he was off of work on "workmens comp." (DE 12-5.)

On September 10, 2009, a hearing officer conducted a disciplinary hearing. He found Roach guilty and imposed a sanction of 60 days disciplinary segregation, 60 days lost earned

time credit, and a credit-class demotion. (DE 12-8.) In reaching his decision, the hearing officer stated that he was relying on staff reports, witness statements, photos, and video evidence. (*Id.*) Roach appealed to the facility head and the final reviewing authority, but his appeals were denied. (DE 12-9, 12-10.)

Roach raises three claims in his petition.[1] His first two claims stem from alleged violations of prison policy. (DE 1 at 4.) He claims that the proper paperwork was not submitted at the time he was taken to segregation and that the conduct report was not prepared in accordance with prison rules. (*Id.*) Neither claim is cognizable here, because relief in a federal habeas corpus proceeding is only available for a violation of the United States Constitution or other federal law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, Roach's claims regarding violations of prison policy do not provide a basis for granting habeas relief.

Roach's remaining claim is that there was insufficient evidence to find him guilty of participating in the riot. (DE 1 at 5.) To satisfy due process, there must be "some evidence" to support a prison disciplinary determination. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. A disciplinary determination will be overturned on the basis of insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

---

[1] Roach did not file a traverse in support of his petition even though he was notified of his opportunity to do so. (*See* DE 11 at 2.)

In this case, there is ample evidence in the record to support the conclusion reached by the hearing officer, including the conduct report, the incident report, and the witness statement from Officer Gill. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constitute "some evidence"); *McPherson McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (conduct report alone provided "some evidence" to support disciplinary determination). Although Roach finds the video evidence ambiguous, the hearing officer was not required "to show culpability beyond a reasonable doubt or credit exculpatory evidence." *Moffat*, 288 F.3d at 981. Roach also denies that he participated in the riot, but it is not my role to reweigh the evidence and make my own determination of guilt or innocence. *Hill,* 472 U.S. at 455. Instead, the question before me is whether there is some evidence to support the hearing officer's determination, and because the record contains such evidence, habeas relief is not warranted.

For the foregoing reasons, the habeas corpus petition (DE 1) is **DENIED**.

**SO ORDERED**.

ENTERED: July 26, 2010

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT